## OKLAHOMA FURNITURE CO. v. RYAN, County Treasurer, et al.

No. 17228—Opinion Filed May 17, 1927.

(Syllabus.)

Counties — Taxpayer's Action to Recover Taxes Paid—Lack of Cause of Action—County's Surplus Fund Properly Diminished by Transfer to City of Revenues Formerly Diverted to County Fund.

Where a county has collected revenues belonging to a city of such county and erroneously diverted such revenues to the credit of a certain fund of said county, and thereafter the city demands from the county the payment of revenues so collected and erroneously diverted, and the county thereupon withdraws from the fund the amount so erroneously placed to the credit of the same and turns the same over to the city, a taxpayer has no cause of action in a suit to recover taxes by reason of such fund being understated on account of the withdrawal of the credit erroneously placed thereto.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Action by the Oklahoma Furniture Company against M. S. Ryan, County Treasurer of Oklahoma County, and his successor in office. Judgment for defendant, and plaintiff brings error. Affirmed.

Gordon Stater and Adelbert Brown, for plaintiff in error.

J. K. Wright, Co. Atty., and W. F. Smith and L. W. Harrod, Ass'ts. Co. Atty., for defendant in error.

LESTER, J. The plaintiff in error was plaintiff below.

It appears that Oklahoma county had, for a number of years, collected penalties from delinquent taxes on property within the corporate limits of Oklahoma City. It also appears that the county treasurer invested such sums so received in securities for the benefit of the sinking fund of Oklahoma county.

The city of Oklahoma City demanded a settlement in payment from Oklahoma county upon the account of moneys so received

by Oklahoma county and used in purchasing securities for said sinking fund.

It appears that it was not difficult to ascertain the exact amount of money so received by Oklahoma county and belonging to the city, and it also appears that the city of Oklahoma City had a clear and unquestioned legal right to reimbursement by Oklahoma county on account of such moneys so received by it.

A settlement was had by and between the officials of Oklahoma county and Oklahoma City, which terms of settlement are reflected in part by the stipulation between the plaintiff and defendant, which is as follows:

"The evidence further discloses that the county treasurer of Oklahoma county. on the 21st day of February. 1924, delivered to the treasurer of the city of Oklahoma City securities of the sinking fund of Oklahoma county aggregating in value $80,-000. copy of receipt of which is hereto attached. and deducted on said date the sum of $80.000 from the amount of sinking fund securities of Oklahoma county, that said sum of $80,000 in sinking fund securities was delivered to the treasurer of the city of Oklahoma City pursuant to a resolution adopted by the board of county commissioners of Oklahoma county, and that said sum represented an accumulation of penalties on delinquent taxes collected by the county treasurer of Oklahoma county on property within the corporate limits of Oklahoma City since the enactment of chapter 48, Session Laws of 1919. pursuant to which this penalty was payable to the city of Oklahoma City, and should not have been paid into the sinking fund of Oklahoma county, and for which sum suit was instituted by the city of Oklahoma City against the board of county commissioners of Oklahoma county, Okla.; that if said sinking fund investments had not been reduced to the extent of $80,000 on the aforesaid date, which reduction plaintiff contends was unauthorized, but which the defendant does not admit, the total assets of the sinking fund on June 30. 1924, would have been increased to the extent of $80;000, which would have increased the surplus on hand on said date to the extent of $80,000."

Upon said agreed stipulation of facts, the court rendered the following judgment:

"The court further finds that the defendant. during the fiscal year 1923-24, delivered to the city of Oklahoma City sinking fund securities aggregating $80.000 and deducted the aforesaid $80,000 from the amount of sinking fund investments for Oklahoma county, and thereby reducing the assets in the sinking fund for Oklahoma county on June 30, 1924. to the extent of the aforesaid amount.

"The court further finds that these securities were delivered to the city of Oklahoma City pursuant to a resolution duly adopted and approved by the board of commissioners of Oklahoma county and was in settlement of a suit instituted by the city of Oklahoma City against the county of Oklahoma for the recovery of penalties on delinquent taxes on property within the corporate limits of the city of Oklahoma City for a period of years; that the county treasurer of Oklahoma county had collected said penalties and paid said penalties into the sinking fund of Oklahoma county and that said suit was brought for the recoupment of this penalty and that, therefore, the reduction of the assets of the sinking fund of Oklahoma county as of June 30, 1924, were not illegally understated and that the plaintiff have and recover nothing because of this alleged 'erroneous understatement of the assets of the sinking fund as of June 30, 1924."

It is clearly shown that the sinking fund of Oklahoma county was increased $80,000 by the use of revenue and money which did not belong to the sinking fund or to the county; that when demand upon the county was made by the city, the board of county commissioners authorized by resolution the withdrawal of securities purchased from the revenues belonging to the city of Oklahoma City. We think that it is a better policy, where a claim is made for revenues already placed in a certain fund and its withdrawal becomes one of legal doubt, to require a legal adjudication thereon, as we realize that any other policy might lead to disastrous results; however, in the instant case the settlement between the county and city authorities shows every indicia of good faith.

It is shown by the stipulation of record that the revenue and money credited to the sinking fund of the county belonged to the city of Oklahoma City, and that when it was erroneously placed to the sinking fund it swelled the same to the extent of $80,000; that upon the withdrawal of the same in payment to the city it lessened that fund to the extent of $80,000.

The assets placed to the credit of the sinking fund of the county belonged to the city of Oklahoma City, and its withdrawal from said fund did not create an action in favor of the taxpayer.

MASON, V. C. J., and HARRISON, PHELPS, HUNT, RILEY, CLARK, and HEFNER, JJ., concur.

Note.—See 15 C. J. p. 643, §354 (Anno.)